# United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Shalonda Lisa Jarvis,<br><br>　　　　　Debtor. | Case No. 24-10721-pmm<br><br>Chapter 13 |
| Shalonda Lisa Jarvis,<br><br>　　　　　Plaintiff,<br><br>　　　　　v.<br><br>Anchored Finance,<br><br>　　　　　Defendant. | Adversary No. |

**Complaint for Turnover of Property**

Plaintiff Shalonda Lisa Jarvis, by and through her undersigned counsel, alleges the following:

**Introduction**

1.　The Defendant repossessed the Plaintiff's car shortly before the Plaintiff filed for bankruptcy. This turnover action is brought to cause turnover of the car to the Plaintiff by the Defendant as required by 11 U.S.C. § 542(a).

**Jurisdiction and Venue**

2.　This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

3.　This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

4.　The Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 542(a) and Fed. R. Bankr. P. 7001(1).

5.　Venue is proper pursuant to 28 U.S.C. § 1409(a).

6.　The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U. S. Const. art. III.

7. The Plaintiff need not pay the filing fee for this action because they are a debtor in the associated bankruptcy case. Judicial Conference of the United States, *Bankruptcy Court Miscellaneous Fee Schedule*, https://www.uscourts.gov/services-forms/fees/bankruptcy-court-miscellaneous-fee-schedule (last visited December 1, 2020).

### Parties

8. Plaintiff Shalonda Lisa Jarvis is an individual who at all relevant times is and was a resident of the state of Pennsylvania.

9. Defendant Anchored Finance is and was at all relevant times a corporation with a principal place of business in the state of Connecticut.

### Facts

10. Upon information and belief, on or about August 24, 2022, the Plaintiff entered into a retail installment contract for the purchase of a 2021 Mazda CX-5, VIN JM3KFBCM1M1351945 ("the Car").

11. Upon information and belief, the contract is assigned to the Defendant and the Plaintiff is indebted to the Defendant in accordance with the terms of the contract.

12. On or about February 27, 2024, the Plaintiff defaulted on the contract by failing to make one or more payments.

13. The Defendant repossessed the Car on or about February 27, 2024.

14. The Car is and has been in the Defendant's possession at all times since the repossession.

15. On March 4, 2024, the Plaintiff filed a voluntary petition for relief under chapter 13 of Title 11, United States Code, thereby initiating bankruptcy case number 24-10721-pmm in the U.S. Bankruptcy Court for the Eastern District of Pennsylvania.

16. The Plaintiff has insured the Car through GEICO for the coverage period beginning March 9, 2024, through September 9, 2024.

17. The Plaintiff needs the Car to provide reliable transportation to and from their place of employment.

18. The Plaintiff intends to file a chapter 13 plan that provides full payment of the allowed secured claim of the Defendant at an interest rate consistent with *Till v. SCS Credit Corp.*, 541 U.S. 465 (2004).

19. The Plaintiff intends to fund the chapter 13 plan using wages from their job.

## Claims for Relief

### Count 1
### Turnover of Estate Property Pursuant to 11 U.S.C. § 542(a)

20. The Plaintiff hereby re-alleges and incorporates all proceeding paragraphs as if fully set forth here.

21. The Plaintiff's reliance on the Car for travel to and from the job where they earn the wages that will fund the chapter 13 plan makes the Car's value to the bankruptcy estate especially consequential.

22. The Plaintiff is entitled to turnover of the Car because the Car is of consequential value to the bankruptcy estate and it is currently in the Defendant's possession, custody, and control. *In re Denby-Peterson*, 941 F.3d 115, 128 (3d Cir. 2019); 11 U.S.C. § 542(a).

23. This claim is without prejudice to any additional claims the Plaintiff may have against the Defendant.

## Request for Relief

**NOW, THEREFORE**, the Plaintiff requests entry of judgment against the Defendant:

A. requiring the Defendant to turn the Car over to the Plaintiff immediately;

B. for attorney fees and costs, if allowed by law; and

C. for such other and further relief in the Plaintiff's favor as the Court deems necessary and proper.

<table>
<tr><td>Date: March 11, 2024</td><td>CIBIK LAW, P.C.<br>*Counsel for Plaintiff*<br><br>By: /s/ Michael A. Cibik<br>Michael A. Cibik (#23110)<br>1500 Walnut Street, Suite 900<br>Philadelphia, PA 19102<br>215-735-1060<br>mail@cibiklaw.com</td></tr>
</table>