**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In re: <br><br> Shalonda Lisa Jarvis, <br><br>　　　　　Debtor. | Case No. 24-10721-pmm <br><br> Chapter 13 |
| Shalonda Lisa Jarvis, <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br> Anchored Finance, <br><br>　　　　　Defendant. | Adversary No. 24-00043-pmm |

**Order Granting Plaintiff's Motion for Temporary Restraining**
**Order and Preliminary Injunction**

**AND NOW**, upon consideration of the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction, the Plaintiff's Complaint, and after notice and hearing, the Court finds as follows:

A. Plaintiff is the Debtor in the above-captioned chapter 13 case.

B. This Court thus has jurisdiction over this proceeding, which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. § 1334.

C. Certain of Plaintiff's exempt property, which is property of the estate as defined by 11 U.S.C. § 541, to wit, a 2021 Mazda CX-5, VIN JM3KFBCM1M1351945, in which she has an interest, is in the possession of Defendant Anchored Finance.

D. At the time her petition was filed, Debtor gave notice of the filing to Defendant.

E. Upon receipt of this notice, Defendant was required pursuant to 11 U.S.C. § 542, to turn over this exempt property to the trustee in this case.

F. The trustee has not acted to recover this exempt property of the Debtor.

G. Under 11 U.S.C. § 1306, the Debtor is entitled to possession of all property of the estate.

H. Under 11 U.S.C. § 1303, the Debtor is entitled to exercise the rights of the trustee under 11 U.S.C. § 363(b) regarding the use of the property.

I. Plaintiff has provided proof that plaintiff shall provide adequate protection for the interest of Defendant through the purchase of collision insurance.

J.  Nonetheless, Defendant has refused to turn over the property as required by 11 U.S.C. § 542.

K.  Plaintiff is in immediate and compelling need for the property because it is the only means by which plaintiff can travel to work. Without a prompt return of the property, plaintiff's chapter 13 case and plan cannot succeed.

L.  Plaintiff is likely to prevail in this proceeding because section 542 requires turnover of property of the estate.

**NOW, THEREFORE**, it is hereby **ORDERED** that:

1.  The motion is **GRANTED**.

2.  Defendant Anchored Finance must immediately turn the 2021 Mazda CX-5, VIN JM3KFBCM1M1351945 over to the Plaintiff.

3.  This order will continue in effect pending final determination of this action by the Court.

Date:

                                                        Patricia M. Mayer
U.S. Bankruptcy Judge